Citation Nr: 1702604 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-07 987 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUE

1. Entitlement to a compensable rating from December 1, 2008 to October 7, 2013 for a left calf strain. 

2. Entitlement to a rating in excess of 10 percent for left calf strain from October 7, 2013. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Ryan, Associate Counsel



INTRODUCTION

The Veteran served on active duty from November 1988 to November 2008.

This case comes before the Board of Veterans' Appeals (Board) from a May 2009 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Newington, Connecticut.

The Board remanded this case for further evidentiary development in September 2013 and April 2016.

The issue of entitlement to a rating in excess of 10 percent from October 7, 2013 is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

Prior to October 7, 2013, the Veteran's left calf strain was productive of at least moderate pain.


CONCLUSION OF LAW

Prior to October 7, 2013, the criteria for a compensable evaluation of at least 10 percent for a left calf strain have been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.321, 4.1, 4.2, 4.3, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5311 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA's Duties to Notify & Assist

The VCAA requires VA to make reasonable efforts to help a claimant obtain evidence necessary to substantiate any claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c), (d). This "duty to assist" contemplates that VA will help a claimant obtain records relevant to his claims, whether or not the records are in Federal custody, and that VA will provide a medical examination or obtain an opinion when necessary to make a decision on the claims. 38 C.F.R. § 3.159(c)(4).

In this case, VA fulfilled its duty to assist by obtaining all identified and available evidence needed to substantiate the claim. The Veteran's service treatment records have been obtained, and he was afforded a VA examination in connection with his claim.

Law & Analysis

The Veteran contends that he is entitled to a rating in excess of 10 percent for the Veteran's left calf strain prior to October 7, 2013. For the following reasons, the Board finds the Veteran entitled to at least a 10 percent rating.

Disability evaluations are determined by evaluating the extent to which a Veteran's service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in the Schedule for Rating Disabilities (Rating Schedule). 38 U.S.C.A. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10.

In order to evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of the Veteran's condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the current level of disability is of primary concern. Francisco v. Brown, 7 Vet. App. 55 (1994). 

"Staged" ratings are appropriate for any rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007).

The evaluation of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14. However, separate evaluations for separate and distinct symptomatology may be assigned where none of the symptomatology justifying an evaluation under one Diagnostic Code is duplicative of or overlapping with the symptomatology justifying an evaluation under another Diagnostic Code. Esteban v. Brown, 6 Vet. App. 259, 262 (1994). Additionally, if two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding a degree of disability is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

The Veteran's claim on appeal involves a left calf disability for which there is one relevant regulation and rating criteria. During the periods under consideration, the Veteran was in receipt of a noncompensable rating and a 10 percent rating under Diagnostic Code 5311.

Under Diagnostic Code 5311, a slight calf injury receives a noncompensable rating. If the injury is moderate, the Veteran is rated as 10 percent disabled. If the injury is moderately severe, the Veteran is rated as 20 percent disabling, and severe calf injuries are rated as 30 percent disabling.

By way of history, the Veteran underwent a general Compensation and Pension (C&P) examination in February 2009 in which he explained that he first noted a problem with his left calf while jogging. Following the jog, he was told to rest, elevate, and ice. Since that injury, the Veteran had been unable to jog and received intermittent physical therapy to alleviate the pain.

In October 2013, the Veteran underwent a knee and leg C&P examination for his left calf injury in which he was diagnosed with a left side calf strain. The examiner determined the Veteran suffered pain, stiffness, soreness, and an inability to run. He experienced most pain with stairs, inclines, ladders and prolonged weight-bearing and standing. Following this examination, the Veteran was awarded a 10 percent rating.

Applying the law to the facts of the case, the Board finds that the Veteran's 10 percent rating should be extended prior to the currently assigned effective date of October 7, 2013. A review of the evidence reveals that the Veteran suffered from the same symptoms of pain, stiffness, inability to run, and soreness throughout the entire appeal period. In any event, the evidence does not demonstrate distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings, with regard to instability. See Hart v. Mansfield, 21 Vet. App. 505 (2007). 

Accordingly, the Board finds that the evidence demonstrates the Veteran is entitled to, at minimum, a 10 percent rating for a calf impairment under Diagnostic Code 5311 for the entire period on appeal. 

The Board also finds that the record as it stands is inadequate to determine if a rating in excess of 10 percent for a left calf injury is warranted. Thus, that issue is addressed in the Remand portion of this decision.


ORDER

Prior to October 7, 2013, a rating of at least 10 percent for a left calf injury under Diagnostic Code 5311 is warranted.

REMAND

The Veteran contends that he is entitled to a rating in excess of 10 percent for his left calf injury. To properly evaluate the Veteran's condition, a remand is warranted.

In October 2013 and May 2016, the Veteran underwent C&P examination. Neither examiner, however, discussed the severity of the Veteran's left calf condition by analyzing the ways in which the Veteran was impacted by his calf injury. Without such a determination, the Board cannot decide the Veteran's claim under Diagnostic Code 5311, and it cannot determine an appropriate time period for the rating. Thus, the Board finds that the VA examination and opinion is inadequate, and therefore a remand is necessary in order to provide another VA examination and addendum opinion. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (once VA undertakes to provide a medical examination or opinion, it must ensure that the examination or opinion is adequate).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an examination of his left calf knee specific to Diagnostic Code 5311. The examiner is asked to specifically address the following:

a. The severity of the Veteran's knee condition, as manifested by the number of flare-ups experienced by the Veteran; the daily impact of the calf injury on the Veteran's activities; the treatments and medication the Veteran receives for his injury; and secondary impacts the calf injury might play on the Veteran's knees, back, or ankle.

b. Identify and describe all symptoms and manifestations attributable to the service-connected left calf condition. All necessary diagnostic testing and evaluation should be performed, including range of motion testing for flexion and extension.

2. After the above has been completed, the RO must review the claims file and ensure that all of the foregoing development actions have been conducted and completed in full. If any development is incomplete, appropriate corrective action must be implemented. If any report does not include adequate responses to the specific opinions requested, it must be returned to the providing examiner for corrective action.

3. Thereafter, readjudicate the issues on appeal. If the benefits sought on appeal remain denied, in whole or in part, the Veteran and his representative should be provided with a Supplemental Statement of the Case and be afforded reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



____________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs